[No. 2631.]

S. Braden *v.* The State.

1. Final Judgment in a misdemeaner case wherein a fine is the only punishment assessed must conform to the requirements of Article 805 of the Code of Criminal Procedure. If the defendant be present, the judgment must command that he be committed to jail until payment of the fine and costs.
2. Same—Practice in the Court of Appeals.—When, in such a case, the record on appeal shows that the defendant was present in the court below, and the judgment does not command his commitment to jail until the fine and costs are paid, this court will sustain a motion to dismiss the appeal for want of a final judgment.

Appeal from the County Court of Lamar. Tried below before the Hon. W. S. Moore, County Judge.

Appellant was charged by indictment with selling intoxicating

liquor, to wit, whisky, in violation of the local option law when in force in the county of Lamar.

The case was first tried before a justice of the peace, and the defendant was found guilty, and a fine of fifty dollars was adjudged against him. He appealed to the County Court, where he was again convicted, and a fine of one hundred and twenty-five dollars assessed against him. From this judgment comes the present appeal.

*Dudley & McDonald,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE. In misdemeanor cases, "when the punishment assessed against a defendant is a pecuniary fine only," the statute provides that "the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid." (Code Crim. Proc., Art. 805).

In the case before us the judgment recites that the defendant was present, and the penalty assessed was a pecuniary fine only. But the judgment rendered was "that the State of Texas do have and recover of and from the defendant, S. Braden, the sum of one hundred and twenty-five dollars, and all costs in this behalf incurred; for which execution may issue."

The judgment not being in conformity with the law, the motion of the Assistant Attorney General will be sustained, and the appeal dismissed for want of a valid final judgment.

*Appeal dismissed.*

Opinion rendered April 7, 1883.